UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY NEPA,

       Plaintiff,                              Case No. 12-cv-13362

v.                                     HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**
(document no. 23), **GRANTING PLAINTIFF'S MOTION TO
REMAND** (document no. 14), **DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT** (document no. 20), **AND REMANDING CASE**

The Social Security Administration ("SSA") denied Plaintiff and claimant Kimberly

Nepa's application for disability insurance and supplemental security income in a decision

issued by Administrative Law Judge ("ALJ") Paul Armstrong on November 30, 2010. *See*

ALJ Decision, ECF No. 10-2, at 15. After the SSA Appeals Council declined to review the

decision, Nepa appealed to this Court. The Court referred the matter to a United States

Magistrate Judge, and the parties filed cross motions for summary judgment. On August

12, 2013, the magistrate judge issued a Report and Recommendation ("Report")

suggesting the Court grant Nepa's motion and deny the Commissioner of Social Security's

("Commissioner") motion. Report, ECF No. 23.

In the Report, the magistrate judge noted that Nepa was twenty-eight years old at the

alleged onset of her disability, and was in special education through high school due to a

learning disability. She lived at home with her husband and children, and had been

employed in the past as a telemarketer, pizza manager, hostess, and tutor. *Id.* at 2. For her

application, Nepa submitted that she was no longer able to focus; that her right hand and

leg were numb, she could not lift her right leg; and had, among other things, excessive bleeding, post traumatic stress disorder, back and colon problems, carpal tunnel syndrome, and a knee developmental disorder; as well, she was taking several drugs. *Id.* When considering Nepa's application, the ALJ found that she suffered from degenerative disc disease, left knee arthritis, carpal tunnel, post traumatic stress disorder, depression, and anxiety, and that the conditions were severe. But when applying the five-step disability analysis, the ALJ also found that the conditions did not meet or equal a listing in the social security regulations, and that Nepa retained the residual function capacity to perform simple, unskilled sedentary work with no public contact and superficial contact with supervisors and co-workers. The Vocational Expert testified that approximately six-thousand jobs existed in the southeast Michigan region with the same limitations. Consequently, the ALJ concluded that Nepa was not entitled to benefits. *Id.* at 5 (citing ALJ Decision at 11-12).

In her motion to remand, Nepa challenged the ALJ's decision on the grounds that the ALJ failed to properly evaluate Nepa's credibility with respect to her conditions and pain; failed to consider some of Nepa's impairments in the residual function capacity formulation, specifically her colon issues; that the ALJ did not assign proper weight to Nepa's treating psychiatrist, a Dr. Ramesh, who reported a much higher level of non-functionality than what the ALJ eventually concluded; and that the ALJ showed improper bias during the August 11, 2010 hearing, specifically when he allegedly belittled her background and mental health impairments. In response, the Commissioner's motion argued that the ALJ had substantial evidence to support his decision to give only partial credit to Nepa's description of her pain and limitations; that the ALJ did discuss, and had substantial evidence for, the reasons for

giving the state psychiatrist's opinions more weight than Dr. Ramesh's; and finally, that the ALJ's questioning of Nepa was not biased, and was only questioning whether Nepa's past conditions had an effect on her current functional capacity.

After examining the pleadings and the administrative record, the Report concluded that the ALJ's decision not to incorporate Nepa's colon impairments, decision to give little weight to treating psychiatrist Dr. Ramesh's findings, and the ALJ's conduct during the hearing, meant that the ALJ's decision was not supported by substantial evidence, warranting remand. *Id.* at 13. First, the Report concluded that because the ALJ found that several of Nepa's conditions were "severe" under Step Two of the five-step process, the ALJ was required to consider all of Nepa's impairments, severe or not. Because the ALJ did not consider Nepa's claims of colon impairment, this was, according to the Magistrate Judge, an error that could have affected the ultimate residual function capacity determination. *Id.* at 8-9 (citing *McGlothlin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008).

Second, the Report found that the ALJ's decision did not include sufficient reference to Dr. Ramesh's opinion, the weight assigned to Dr. Ramesh's opinion, or the reasons for according Dr. Ramesh's opinion the weight he did, in contravention of the requirement a treating physician's opinion must be explained if the ALJ assigns the decision less than substantial deference. *Id.* at 9-10 (citing *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004). Third, the Report examined the hearing transcript, and suggested that the ALJ's colloquy was inappropriate in tone and characterization; and in the context of the prior errors, raised the possibility that the ALJ did not render an impartial decision, nor would be able to on remand. *Id.* at 12-13 (citing *In re Murchison*, 349 U.S. 133, 136 (1955)).

3

Accordingly, the Report suggested granting Nepa's motion for remand and remanding the case to the Commissioner.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant Nepa's motion to remand, deny the Commissioner's motion for summary judgment, and remand the case for proceedings not inconsistent with this opinion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Nepa's motion to remand (document no. 14) is **GRANTED**. This matter is **REMANDED** to the Commissioner for proceedings not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 23) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 20) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 30, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager