UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KIMBERLY M. NEPA,**

        **Plaintiff,**                    **CIVIL ACTION NO. 12-cv-13362**

        **v.**                                 **DISTRICT JUDGE STEPHEN J. MURPHY, III**

**COMMISSIONER OF**            **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Kimberly Nepa filed this action seeking judicial review of Defendant's decision denying her application for Social Security benefits under 42 U.S.C. § 405(g). (Docket no. 1.) The Court remanded the matter for further administrative proceedings. (Docket no. 24.) Before the Court is Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). (Docket no. 27.) Defendant filed a Response (Docket no. 28) and Plaintiff filed a Reply (Docket no. 30.) The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3). (Docket no. 29.) Because this is a post-judgment matter, the undersigned must proceed by Report and Recommendation. The undersigned has reviewed the pleadings, dispenses with a hearing, and issues this Report and Recommendation pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.    RECOMMENDATION**

The undersigned recommends that Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act (Docket no. 27) be GRANTED IN PART and DENIED IN PART.

**II.    REPORT**

**A.	Procedural History**

Plaintiff protectively filed Title II and Title XVI applications for a period of disability, disability insurance benefits, and supplemental security income on October 17, 2008, alleging disability beginning March 16, 2004 based on carpal tunnel syndrome, back and colon problems, anxiety, depression, and a gluten allergy. (TR 14, 73, 120-29, 140.) The Social Security Administration denied benefits and Plaintiff filed a timely request for a *de novo* hearing. (TR 14.) On August 11, 2010, Plaintiff appeared with counsel in Oak Park, Michigan, and testified at a video hearing held by Administrative Law Judge (ALJ) Paul R. Armstrong, who presided over the hearing from Chicago, Illinois. (TR 30-70). Vocational Expert (VE) Luann Castellana also appeared and testified at the hearing, as did Plaintiff's husband. (*Id.*) In a November 30, 2010 decision, the ALJ found that Plaintiff had not been under a disability within the meaning of the Social Security Act from March 16, 2004, the alleged onset of disability date, through November 30, 2010, the date of the decision. (TR 14-25). The Appeals Council declined to review the ALJ's decision (TR 3) and Plaintiff filed a timely complaint for judicial review.

Plaintiff then filed a Motion for Summary Judgment or Remand (Docket no. 14), and Defendant filed a cross Motion for Summary Judgment (Docket no. 20). On August 12, 2013, the undersigned recommended that the matter "be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a full redetermination of Plaintiff's disability claim before a different ALJ." (Docket no. 23 at 13.) Neither party objected, and the Court adopted the Report and Recommendation. (Docket no. 24.) Plaintiff's counsel now seeks $8,460.04 in fees under the EAJA. (Docket no. 27.)

**B.	Law and Analysis**

The EAJA provides that a court shall award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the position of the government was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that Plaintiff timely filed her Petition for Attorneys Fees. *See* 28 U.S.C. § 2412(d)(1)(B). Plaintiff's action was remanded pursuant to sentence four of 42 U.S.C. § 405(g), and Defendant does not dispute that Plaintiff is a prevailing party under 28 U.S.C. § 2412. *See Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993). Moreover, Plaintiff does not dispute that Defendant's position was substantially justified. Thus, the issues before the Court are whether Plaintiff's counsel's proposed hourly rates and number of hours expended in this matter are reasonable. Defendant argues that they are excessive. (*See* docket no. 28.)

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Sec'y of Health and Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Sixth Circuit has recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass,* 822 F.2d at 21 (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986)). Plaintiff's counsel submitted a detailed breakdown of his law firm's work on behalf of Plaintiff, which shows that the attorneys and law clerks at Plaintiff's counsel's law firm worked a total of 49.96 hours on this matter for which they are seeking $8,460.04 in attorneys fees. Plaintiff's counsel has itemized these figures as follows:

- 2012 Attorney Hours: 31.93 hours at $178.77/hour = $5,708.13
- 2013 Attorney Hours: 11.54 hours at $181.60/hour = $2,095.66
- Law Clerk with J.D. Hours: 1.69 hours at $125.00/hour = $211.25

3

- Law Clerk Hours: 3.8 hours at $100.00/hour = $380.00
- Paralegal Hours: 1 hour at $65.00/hour = $65.00

(Docket no. 27-4.)

    *1.*    *Hourly Rate*

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Cost of living adjustments which increase attorney fees above the statutory rate is a matter left to the sound discretion of the district court and should be carefully considered, rather than rubber stamped, when awarding fees under the statute. *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d. 196, 199-200 (6th Cir. 1992) (citing *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)). The Sixth Circuit "has stressed that 'we think it important that the . . . statutory rate is a ceiling and not a floor' and held that a district court did not abuse its discretion 'in determining that the fees awarded should not exceed [the statutory rate] even though the cost of living may have indeed risen since the enactment of the EAJA.'" *Id.* at 199 (quoting *Chipman* at 547). In requesting an increase in the hourly rate, Plaintiff bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 898 (1984)). The submission of the Consumer Price Index, standing alone, is not adequate to meet this burden. *Grooms v. Comm'r of Soc. Sec.*,

No. 2:08-14189, 2011 WL 4536886, at *4 (E.D. Mich Sept. 30, 2011) (citing *Bryant*, 578 F.3d at 450).

Plaintiff's counsel submitted several exhibits, in addition to his own affidavit of personal qualifications, to support his request for a cost of living increase in the hourly attorney rate. (*See* docket no. 27-1.) Notably, he submitted a copy of the Consumer Price Index for the Detroit-Ann Arbor-Flint area (Docket no. 27-2), affidavits of local attorneys (Docket no. 27-5), and the State Bar of Michigan's 2007 and 2010 Economics of Law Practice Summary Reports (Docket nos. 27-7 and 27-6.) The affidavits of local attorneys, Blaise A. Repasky, David A. Sims, and Michael J. Trager, each describe the attorney's years of practice, hourly rate, and area of practice. (Docket no. 27-5 at 2-4.) Nevertheless, these three affidavits are inapposite as none of these attorneys lists Social Security law as an area of practice. (*Id.*) The State Bar of Michigan's Economics of Law Practice Summary Reports are no more helpful to Plaintiff's counsel's argument than the attorney affidavits, as these reports do not provide hourly rates for Social Security practitioners. (Docket nos. 27-7 and 27-6.) Thus, the undersigned finds that Plaintiff's counsel has not provided satisfactory evidence to support his request for a cost of living increase above the statutory rate of $125.00 per hour.

Plaintiff's counsel also submitted affidavits of non-attorney Dannelly Smith and attorney Evan Zagoria with his petition for attorney fees, seemingly in an attempt to show that an increase in the hourly rate is appropriate due to the lack of local attorneys willing to accept federal Social Security appellate work. (Docket no. 27-5 at 1, 5-6.) Both affidavits were signed and sworn in July 2010, and have little, if no, bearing on the number of local attorneys who currently undertake federal Social Security appeals in this district. To the contrary, of all the Social Security cases presently pending before the undersigned, more than 91% of Plaintiffs are represented by local counsel. Plaintiff's counsel's argument in this regard fails on its face.

As noted above, Plaintiff's counsel also seeks $125 per hour for law clerk, Suzanne E. Blaz, who holds a Juris Doctor degree. Ms. Blaz earned a Certificate in Paralegal Studies from Loyola University Chicago Institute for Paralegal Studies in August 2002 and a JD from Loyola University Chicago School of Law in January 2007. (Docket no. 27-8 at 6.) Nevertheless, Ms. Blaz is not a licensed attorney and is not entitled to compensation at the hourly attorney rate. Furthermore, a review of the billing summary submitted by Plaintiff's counsel (Docket no. 27-4) reveals that the work Ms. Blaz performed on Plaintiff's case consisted of mostly administrative tasks, similar to the work performed by Plaintiff's counsel's other law clerks and paralegals. Thus, the undersigned finds no reason to compensate Ms. Blaz at a higher hourly rate than that assessed to the other law clerks and paralegals who worked on this case, which will be $75 per hour.

       2.    *Number of Hours*

Plaintiff's counsel seeks compensation for 43.47 attorney hours and 6.49 law clerk/paralegal hours, for a total of 49.96 hours.[1] (Docket no. 27-4.) Defendant argues that 49.96 hours expended on Plaintiff's standard social security appeal is excessive. (Docket no. 28 at 10-11.) Defendant also argues that the hours spent by the attorneys and the law clerks overlap but does not point to any specific instances in the billing summary where overlap occurs. (*Id.*) After a careful review of Plaintiff's counsel's billing summary, the undersigned does not find any instances of duplicity among the hours submitted by the attorneys and the law clerks.

The undersigned also does not find the number of hours expended in this case to be excessive. Twenty to forty hours is generally a reasonable amount of time to expend on a Social

---

[1]Plaintiff's counsel also seeks compensation for the time spent preparing the instant petition and a reply to Defendant's response to the petition (Docket no. 27 at ¶ 15.) but has not submitted a billing summary for said time. Thus, the undersigned will not address this request.

6

Security appeal in this district. *Coates v. Colvin*, No. 12-cv-13900, 2014 WL 1389328, at *4-5 (E.D. Mich Apr. 9, 2014 (citing *Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 WL 1063476, at *12 (S.D. Ohio Mar. 14, 2013)). *See also Glass*, 822 F.2d at 20; *Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990). But "the mere fact that it takes an attorney more than 40 hours to complete work on a Social Security case does not mean that it is per se unreasonable and warrants a reduction." *Grooms*, 2011 WL 4536886, at *3. The undersigned finds that the 43.47 attorney hours and 6.49 law clerk/paralegal hours claimed by Plaintiff's counsel are reasonable for a case of this type.

Thus, the undersigned recommends that Plaintiff be awarded at total of $5,920.50 in attorney fees and costs under the Equal Access to Justice Act as itemized below:

- Attorney Hours: 43.47 hours at $125.00/hour = $5,433.75
- Law Clerk/Paralegal Hours: 6.49 hours at $75.00/hour = $486.75.

### III.   CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act (Docket no. 27) be GRANTED IN PART and DENIED IN PART and that Plaintiff be awarded $5,920.50 in fees and costs.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with

specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 23, 2014          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 23, 2014          s/ Lisa C. Bartlett
                              Case Manager