UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY M. NEPA,

       Plaintiff,                           Case No. 12-cv-13362

v.                                    HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**ORDER GRANTING IN PART NEPA'S PETITION FOR
ATTORNEYS' FEES** (document no. 27), **ADOPTING THE MAGISTRATE'S
REPORT** (document no. 31), **AND OVERRULING OBJECTIONS** (document no. 32)

      The Court entered an order granting plaintiff Kimberly Nepa's motion to remand her social security appeal to the Commissioner of Social Security. Nepa then filed a petition for attorneys' fees under the Equal Access to Justice Act ("EAJA") for $8460.04. The Court referred the petition to a United States magistrate judge. On June 23, 2014, the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant the motion in the amount of $5920.50. Nepa filed an objection, arguing that she was entitled to her originally requested amount.

      Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72. After examining the record and considering Nepa's objection de novo, the Court will overrule the objections, adopt the Report in part, and grant Nepa's petition for attorneys' fees in the amount of $5920.50.

**STANDARD OF REVIEW**

      The Court reviews a magistrate's report under Civil Rule 72(b). The Court performs a de novo review of the magistrate judge's findings if the parties "serve and file specific

written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

Nepa filed a timely objection. The Court will review the objections de novo. The remainder

of the Report does not require de novo review.

## DISCUSSION

In her petition, Nepa requested the following fees for a total of $8460.04:

- 2012 Attorney Hours: 31.93 hours at $178.77 per hour   =   $5708.13
- 2013 Attorney Hours: 11.54 hours at $181.60 per hour   =   $2095.66
- Law Clerk with J.D. Hours: 1.69 hours at $125 per hour   =   $211.25
- Law Clerk w/out J.D. Hours: 3.8 hours at $100 per hour   =   $380.00
- Paralegal Hours: 1 hour at $65 per hour   =   $65

I.   The Report

The Commissioner disputed whether Nepa's attorneys' hourly rates and hours

expended were excessive.[1] Report at 3. The Report noted the requirement that attorneys'

fees be "reasonable." *Id.* (citing *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 21

(6th Cir. 1987)). The EAJA capped attorneys' fees at $125 per hour unless some special

circumstance justified an increase. *Id.* at 4 (quoting 28 U.S.C. § 2412(d)(2)(A)). Nepa

argued that an upward departure was justified. In support, she provided affidavits from local

attorneys and practitioners, the Consumer Price Index for the local area, and the 2007 and

2010 Economics of Law Practice Survey Reports. *Id.* at 5. The Report found that the

attorney affidavits did not show they were social security practitioners, and the Economics

of Law reports did not show hourly rates for social security practitioners. Therefore, neither

justified an increase. *Id.* The Report also concluded the affidavits showing a lack of local

---

[1] The Report states that: "Plaintiff does not dispute that Defendant's position was substantially justified." Report, ECF No. 31, at 3. This conclusion would lead to no award under the EAJA. The Court has examined the papers and concludes the Report meant to state that the government's position was not substantially justified. The Court will adopt the Report save for this statement.

social security practitioners were insufficient, as they were signed in 2010. Furthermore, the Report noted 91% of the social security cases currently pending before the magistrate judge were represented by local counsel.[2] *Id.* The Report found that the law clerk was not entitled to bill at an attorney's rate, even if she had a juris doctor. *Id.* at 6. Finally, the Report examined the billing summaries and determined the requested hours were reasonable. *Id.* at 7. Accordingly, the Report suggested an award of $5920.50.

- Attorney Hours: 43.47 hours at $125 per hour =            $5433.75
- Law Clerk/paralegal Hours: 6.49 hours at $75 per hour =   $486.75

II.   Legal Standards

The EAJA permits courts to award reasonable attorneys' fees and expenses to a prevailing party. 28 U.S.C. § 2142. Reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" and "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The "statutory rate is a ceiling and not a floor." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992) (citations omitted). When requesting an award for attorney fees in excess of $125 per hour, the claimant bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citations omitted).

---

[2] Nepa did not object to this finding.

When requesting attorneys' fees in excess of the statutory cap, the plaintiff must not only produce evidence demonstrating a cost of living increase, but also evidence demonstrating the effects of that increase on the attorney's ability to provide adequate services. *Id.* The submission of the Consumer Price Index ("CPI"), standing alone, is not adequate to meet this burden. *Id.* Furthermore, the paucity of attorneys willing to try social security cases does not qualify as a "special factor" justifying an increased award under the EAJA. *Pierce v. Underwood*, 487 U.S. 552, 571–72 (1988). The Supreme Court stated that under the EAJA, the phrase "limited availability of qualified attorneys for the proceedings involved" does not mean that lawyers who are skilled and experienced enough to try these types of cases are in short supply. *Id.* at 571. Rather, the phrase refers to attorneys who are qualified in some specialized sense, such as those attorneys who possess some "distinctive knowledge or specialized skill needed for the litigation in question." *Id.* at 572; *see McNelis v. Comm'r of Soc. Sec.*, No. 08-12529, 2011 WL 743393, *2 (E.D. Mich. Feb. 23, 2011) (the evidence submitted was insufficient to satisfy plaintiff's burden because the affidavits failed to establish a limited number of qualified attorneys available for social security cases in the Eastern District of Michigan).

III.   <u>Attorney Rates</u>

Nepa objects to the conclusion that she did not submit sufficient evidence to justify an upward adjustment of her billing rates.

First, the Court reaches the same conclusion as the Report that the affidavits of Blaise A. Repasky, David A. Sims, and Michael J. Trager are insufficient. They are general practice attorneys; their affidavits do not indicate familiarity with the prevailing rates of social security practitioners. The Court also concludes that the Economics of Law surveys

4

are not dispositive. The 2010 Survey does not include social security practices. And the 2007 Survey merely discusses the percentage of social security practices, not the hourly rate. This therefore leaves the CPI; As discussed above, the CPI alone is insufficient. *See, e.g.*, *Bryant,* 578 F.3d at 450. Accordingly, the Court concludes Nepa has not submitted evidence showing the requested rate increases "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*

Second, although the affidavits of Smith, Zagoria, and Daley attest to a lack of attorneys willing to take social security cases, the Court also agrees that, being filed in 2010, the affidavits are stale. More importantly, the affidavits address the wrong question. The question is not the number of attorneys who are *willing* to take social security cases, but the number of attorneys who are *qualified* to handle social security cases."[T]he paucity of attorneys who are willing to try such a case does not fall within the interpretation of the statute." *Grooms*, No. 08-14189, 2011 WL 4536886, at *2 (E.D. Mich. Sept. 30, 2011) (citing *Pierce*, 487 U.S. at 572).[3] The affidavits speak to willingness, not to qualifications. The Court concludes Nepa has not shown a special factor to justify increasing the award.

IV.   Law Clerk Rates

Nepa also challenges the reduction in rates for the law clerks to $75 per hour. Reasonable attorneys' fees under the EAJA encompass fees for paralegals. *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008). But law clerks, even those with a J.D., are not practicing law as attorneys. The Court agrees with the magistrate that it is

---

[3] The Court also questions the existence of a severe shortage in light of the Report's finding that the vast majority of social security cases before the magistrate judge were represented by local counsel. Report at 5.

unreasonable to compensate them at or near the maximum rate an attorney is normally permitted under the statute. Here, Nepa's counsel submitted a billing summary, Petition, Ex. C., ECF No. 27-4, revealing the work the law clerk with the J.D. performed consisted mostly of administrative tasks. The work could have been done by a paralegal or law clerk without a law degree. Accordingly, the Court will compensate the law clerks at a rate less than the rate for an attorney.[4] And while Nepa submits the 2010 National Utilization and Compensation Survey Report, the survey only lists prevailing rates for the "Great Lakes" region, which includes areas beyond the metro Detroit region. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (the appropriate region is the "venue of the court of record"); *McNelis*, 2011 WL 743393 at *2 (finding Eastern District of Michigan, not Chicago where attorney was based, was the appropriate market for prevailing rates). Thus, the Court concludes a $75 per hour paralegal and law clerk rate is appropriate.[5]

Accordingly, the Court will adopt the Report and the Report's suggested grant of $5920.50.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Nepa's petition for attorneys' fees (document no. 27) is **GRANTED IN PART**. Nepa is **AWARDED** as attorneys' fees under the EAJA the amount of $5920.50.

**IT IS FURTHER ORDERED** that the Report and Recommendation (document no. 31) is **ADOPTED IN PART** as specified above. Nepa's Objection to the Report (document no.

---

[4] The Court questions, but does not need to decide here, the treatment of a "law clerk with J.D." as being higher compensated than a mere "law clerk," as neither are licensed attorneys or practicing law.

[5] Nepa does not object to the $75 per hour rate for "paralegal" versus "law clerk."

6

32) is otherwise **OVERRULED**.

      **SO ORDERED**.


                                    s/Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    United States District Judge

Dated: October 19, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 19, 2014, by electronic and/or ordinary mail.

                                    s/Carol Cohron
                                    Case Manager